IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**HARVIE JOHNSON, JR., Individually and**     **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.     No. 2:21-cv-2144-PKH

**DRIVEN BRANDS, INC., and DRIVEN**     **DEFENDANTS**
**BRANDS SHARED SERVICES, LLC**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Harvie Johnson, Jr. ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action ("Complaint") against Defendants Driven Brands, Inc., and Driven Brands Shared Services, LLC (collectively "Defendant" or "Defendants"), states and alleges as follows:

### I.     PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendants' failure to pay Plaintiff overtime wages under the FLSA and the AMWA within the applicable statutory limitations period.

3. Upon information and belief, within the three years prior to the filing of the Complaint, Defendants have willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as his FLSA claims. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. Defendants conduct business within the State of Arkansas.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

8. Plaintiff was employed at Defendants' business in Van Buren. Therefore, the acts alleged in this Complaint had their principal effect within the Fort Smith Division of the Western District and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

10. Plaintiff is an individual and resident of Crawford County.

11. Separate Defendant Driven Brands, Inc. ("DB Inc."), is a foreign, for-profit corporation.

12. DB Inc.'s registered agent for service of process is Corporation Service Company, at 2626 Glenwood Avenue, Suite 550, Raleigh, North Carolina 27608.

13. Separate Defendant Driven Brands Shared Services, LLC ("DB Shared Services"), is a foreign limited liability company.

14. DB Shared Services' registered agent for service is Corporation Service Company, at 2626 Glenwood Avenue, Suite 550, Raleigh, North Carolina 27608.

15. Defendants, in the course of their business, maintain a website at https://www.drivenbrands.com/.

## IV. FACTUAL ALLEGATIONS

16. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

17. Defendants own and operate car washes throughout Arkansas, including a car wash in Van Buren called Car Wash USA Express.

18. Upon information and belief, in or around 2019 Defendants bought Car Wash USA Express from International Car Wash Group and assumed the liabilities upon acquisition.

19. Defendants have employed Plaintiff as a Manager at their Van Buren car wash since they acquired Car Wash USA Express.

20. International Car Wash Group employed Plaintiff as a Manager at the Van Buren car wash from approximately April of 2018 until Defendants acquired Car Wash USA Express.

21. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish

wages and wage policies and set schedules for their employees through unified management.

22. Upon information and belief, the revenue generated from DB Inc. and DB Shared Services was merged and managed in a unified manner.

23. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

24. During the relevant time, Defendants had at least two employees who engaged in interstate commerce or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce, such as vehicles.

25. Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Original Complaint.

26. Plaintiff and other Managers, in the ordinary course of their employment, handled and used instrumentalities of interstate commerce such as credit cards, the internet and cell phones.

27. Within the three years preceding the filing of this lawsuit, Defendants have continually employed at least four employees.

28. Defendants were, at all times relevant hereto, Plaintiff's employer and other Managers' employer.

Page 4 of 12
Harvie Johnson, Jr., et al. v. Driven Brands, Inc., et al.
U.S.D.C. (W.D. Ark.) Case No. 2:21-cv-2144-PKH
Original Complaint—Collective Action

29. Defendants, at all relevant times, are and have been engaged in interstate commerce as that term is defined under the FLSA and the AMWA.

30. Defendants classified Plaintiff and other Managers as exempt from the overtime requirements of the FLSA and the AMWA and paid them a salary.

31. As a Manager, Plaintiff's primary duties included assisting customers, washing cars, cleaning the car wash location, performing administrative tasks and assisting the District Manager with hiring and firing.

32. Other Managers had similar job duties as Plaintiff.

33. At all relevant times herein, Defendants directly hired Plaintiff and other Managers to work on their behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

34. Plaintiff did not customarily or regularly direct the work of at least two or more other full-time employees or their equivalent.

35. Other Managers did not customarily or regularly direct the work of at least two or more other full-time employees or their equivalent.

36. At all times material hereto, Plaintiff and other Managers have been entitled to the rights, protections, and benefits provided under the FLSA.

37. Plaintiff regularly worked more than 40 hours per week during the relevant time period.

38. Plaintiff estimates he worked between 45 and 70 hours each week.

39. Other Managers also regularly worked more than 40 hours per week during the relevant time period.

40. Defendants did not pay Plaintiff or other Managers 1.5x their regular rate for hours worked over 40 each week.

41. Plaintiff recorded at least some of his overtime hours in Defendants' electronic time-keeping system.

42. Other Managers also recorded at least some of their overtime hours in Defendants' electronic time-keeping system.

43. At all relevant times herein, Defendants have deprived Plaintiff and other Managers of regular wages and overtime compensation for all hours worked.

44. Plaintiff and other Managers regularly earned nondiscretionary bonuses and commissions, and these payments should be included in their regular rate when calculating their overtime rate of pay pursuant to 29 C.F.R. §§ 778.208 and 778.117.

45. Defendants knew or showed reckless disregard for whether their actions violated the FLSA and the AMWA.

**V. REPRESENTATIVE ACTION ALLEGATIONS**

46. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

47. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendants at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A. Overtime premiums for all hours worked in excess of forty in any week;

    B. Liquidated damages; and

C. Attorneys' fees and costs.

48. Plaintiff proposes the following class under the FLSA:

**All salaried Managers in Arkansas within the last three years.**

49. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file written a Consent to Join this lawsuit.

50. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

51. The proposed FLSA class members are similarly situated in that they share these traits:

A. They were paid a salary;

B. They were classified as exempt from the overtime requirements of the FLSA;

C. They had substantially similar job duties and requirements; and

D. They were not paid for hours worked over forty each week.

52. Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds forty persons.

53. Defendants can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendants.

54. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last

known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI. FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

55. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

56. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

57. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

58. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

59. 29 U.S.C. § 207 requires employers to pay employees overtime wages of 1.5x the regular rate of pay for all hours worked over 40 each week, unless the employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

60. During the period relevant to this lawsuit, Defendants misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

61. Despite the entitlement of Plaintiff to lawful overtime wages under the FLSA, Defendants failed to pay Plaintiff lawful overtime wages for all hours worked over forty each week.

62. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

63. By reason of the unlawful acts alleged herein, Defendants are liable to

**Page 8 of 12**
**Harvie Johnson, Jr., et al. v. Driven Brands, Inc., et al.**
**U.S.D.C. (W.D. Ark.) Case No. 2:21-cv-2144-PKH**
**Original Complaint—Collective Action**

Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VII. SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

64. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

65. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, et seq.

66. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

67. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

68. Defendants classified Plaintiff and other similarly situated employees as exempt from the overtime provisions of the FLSA.

69. Defendants failed to pay Plaintiff and similarly situated employees 1.5x their regular rate for all hours worked in excess of 40 per week, despite their entitlement thereto.

70. Defendants deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

71. Defendants knew or should have known that their actions violated the

Page 9 of 12
Harvie Johnson, Jr., et al. v. Driven Brands, Inc., et al.
U.S.D.C. (W.D. Ark.) Case No. 2:21-cv-2144-PKH
Original Complaint—Collective Action

FLSA.

72. Defendants' conduct and practices, as described above, were willful.

73. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

74. Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

75. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII. THIRD CAUSE OF ACTION
(Individual Claim for Violation of the AMWA)

76. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

77. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*

78. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

79. Sections 210 and 211 require employers to pay employees a minimum

wage for all hours worked up to 40 and to pay 1.5x regular wages for all hours worked over 40 in a week unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

80. Despite the entitlement of Plaintiff to lawful overtime wages under the AMWA, Defendants failed to pay Plaintiff lawful overtime wages for all hours worked over 40 each week.

81. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

82. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint, pursuant to Ark. Code Ann. § 11-4-218.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Harvie Johnson, Jr., respectfully prays that each Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA, the AMWA and their related regulations;

D. Judgment for liquidated damages owed to Plaintiff and others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E. An order directing Defendants to pay Plaintiff and others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF HARVIE JOHNSON, JR., Individually and on Behalf of All Others Similarly Situated**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com