```
                   UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF ARKANSAS
                        FORT SMITH DIVISION
```

HARVIE JOHNSON, JR., individually and
on behalf of all others similarly situated                                          PLAINTIFF

v.                                  No. 2:21-CV-02144

DRIVEN BRANDS, INC. and
DRIVEN BRANDS SHARED
SERVICES, LLC.                                                                     DEFENDANTS

## OPINION AND ORDER

Before the Court is a joint motion (Doc. 13) for conditional certification of an FLSA collective action. The motion asks the Court to conditionally certify a collective action that may include: "All Arkansas Site Managers employed by the Defendants since December 20, 2019." (Doc. 13, p. 1). Accepting the allegations as true the Court concludes this collective action comprises similarly situated employees to Plaintiff.

The parties have also proposed a notice (Doc. 13-1), consent to join form (Doc. 13-2), and a reminder postcard (Doc. 13-3) to be distributed to the potential collective action members. The Court has reviewed these documents and finds the following changes are necessary. The class definition in the "**TO:**" field of the proposed notice (Doc. 13-1) is not the same as the definition in the parties' motion. The class definition in the notice must be changed to "All Arkansas Site Managers employed by Defendants since December 20, 2019." The consent to join form (Doc. 13-2) must also be changed to comply with the class definition proposed in the motion and to clarify that opt-in Plaintiffs do not lose ultimate authority to settle their claims, and will read:

> I was employed as an Arkansas Site Manager employed by Driven Brands, Inc., and/or Driven Brands Shared Services, LLC on or after December 20, 2019. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid overtime wages. I consent to becoming a party-plaintiff in this lawsuit, to be represented by the Sanford Law Firm, PLLC, and to be bound by any

1

adjudication by the Court.

The Court orders the postcard be changed to read as follows:

On _____ \_\_\_, 2021, you were sent a **Notice of Right to Join Lawsuit** informing you of a lawsuit in which you could become a member as an Opt-In Plaintiff. You are being sent this second notice because you must join the lawsuit if you want to become a member of the class. If you did not receive the first Notice and would like a copy, please contact Plaintiff's attorney listed below. <u>If you already sent a Consent, it has not been received.</u> The consent must be received by _____ \_\_\_, 2021. The Court neither encourages nor discourages participation in this lawsuit.

The title of the postcard should also be changed from "Second Notice of Right to Join Lawsuit" to "Reminder of Right to Join Lawsuit." This change will ensure the putative class members are informed of the Court's neutrality on the matter and rephrasing the title of the postcard will only improve its accuracy.

The parties have also proposed a schedule. Within fourteen days after the joint stipulation was filed, Defendants will provide Plaintiff with the names and last known mailing addresses of the potential collective action members. Within sixty days following production of potential collective members list, consents for opt-in plaintiffs must be filed by the opt-in plaintiffs or returned to Plaintiff's counsel (who will file those consents on behalf of the opt-ins). A reminder postcard will be sent by mail within thirty days after original mailing. The Court approves this proposed approach.

IT IS THEREFORE ORDERED that the joint motion (Doc. 13) is GRANTED as stated herein.

IT IS SO ORDERED this 22nd day of December, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE